UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61110-CIV-MARRA/SELTZER

NANCY E. PESCATRICE,

    Plaintiff,

vs.

NATIONAL ACTION FINANCIAL
SERVICES, INC.,

    Defendant.
_____/

## ORDER AND OPINION

This cause is before the Court upon Defendant National Action Financial Services, Inc.'s Motion for Summary Judgment [DE 31], filed May 23, 2006 and Plaintiff Nancy Pescatrice's Motion for an Extension of Time to File Opposition to Defendant's Motion for Summary Judgment [DE 47], filed August 16, 2006. The Court has carefully considered the motions and is otherwise fully advised in the premises.

Plaintiff's Motion for an Extension of Time

A brief recitation of the record is necessary. In an Order dated August 2, 2006, the following procedural history was discussed:

On December 19, 2005, Defendant National Action Financial Services, Inc. ("NAFS" "Defendant") filed a Motion for Summary Judgment [DE 10]. Plaintiff Nancy Pescatrice ("Pescatrice" "Plaintiff") did not timely file a response to this motion. On January 30, 2006, Defendant filed a Notice that Summary Judgment is Unopposed [DE 13]. On that same date, Plaintiff filed a Motion for an Extension of Time to respond to the Motion for Summary

Judgment. In making that application, Plaintiff stated that Defendant did not properly serve the Motion for Summary Judgment, that Defendant failed to file a Statement of Undisputed Material Facts, that counsel for Plaintiff was unaware that a Motion for Summary Judgment had been filed, and that counsel for Plaintiff is recovering from a kidney transplant which has interfered with counsel's ability to propound discovery. In response, Defendant claims that Plaintiff's counsel has a habit of failing to file responses to substantive motions and that the Motion for an Extension is "self-contradictory, self-serving and contains half-truths and distortions." See Defendant's Response to Plaintiff's Motion for Extension of Time.

In an Order dated February 21, 2006, the Court acknowledged that while Plaintiff counsel's behavior in this case may constitute malfeasance, the Court concluded that, at an early stage of litigation, the Plaintiff should not suffer from the alleged negligence of her counsel in failing to respond to the Motion for Summary Judgment. As such, the Court permitted Plaintiff to amend her Complaint, which thereby mooted Defendant's Motion for Summary Judgment. The Court, however, cautioned Plaintiff that her counsel must timely file responses to all motions or timely file requests for an extension.

On May 23, 2006, Defendant filed a Motion for Summary Judgment. Plaintiff did not timely file a response to this motion nor did Plaintiff move for an extension of time. On June 15, 2006, Defendant filed a Notice that Summary Judgment is Unopposed [DE 32]. On June 19, 2006, the Court ordered Plaintiff to show cause within ten days why Defendant's Motion for Summary Judgment should not be granted. On that same day, June 19, 2006, Plaintiff filed a Motion to Strike Defendant's (Second) Motion for Summary Judgment [DE 36]. Plaintiff claimed that Defendant did not serve its Motion for Summary Judgment and its Notice that

Summary Judgment is Unopposed on Plaintiff. According to Plaintiff, Plaintiff did not learn of these filings until June 19, 2006. Instead of filing a motion for an extension of time to respond to Defendant's Motion for Summary Judgment, Plaintiff merely filed a Motion to Strike the Motion for Summary Judgment.

In response, on June 27, 2006, Defendant informed the Court that it was unable to confirm service on Plaintiff of its Motion for Summary Judgment and thus re-served Plaintiff with the Motion for Summary Judgment on June 27, 2006 and withdrew its Notice that Summary Judgment is Unopposed. Under the Federal and Local Rules of Civil Procedure, Plaintiff was required to file a response to the properly served Motion for Summary Judgment on July 17, 2006. No response nor any request for an extension of time was filed by Plaintiff. On July 26, 2006, Defendant filed a Renewed Notice that Motion for Summary Judgment is Unopposed.

Although the Court chastised Plaintiff for failing to file a response to the Motion for Summary Judgment in its August 2, 2006 Order, it permitted Plaintiff to file a response to Defendant's motion within ten days of the date of the August 2, 2006 Order. That Order also cautioned Plaintiff that any request for additional time must be accompanied by a statement of extenuating circumstances and evidence to support such a request. Additionally, the August 2, 2006 Order granted Plaintiff an extension to August 30, 2006 to take the deposition of Defendant's corporate representative.

On August 16, 2006, Plaintiff sought an extension of time to file her response to the Motion for Summary Judgment. Specifically, Plaintiff asked to have two days from the date of the deposition of the corporate representative to file her response. Defendant opposes the extension and claims that Defendant informed Plaintiff that the corporate representative was

3

available for the deposition on August 23, 2006 but, according to Defendant, no deposition date was scheduled. Additionally, Defendant points out that Plaintiff fails to put forth any extenuating circumstances and evidence in support of her request for an extension of time. Plaintiff did not file a reply memorandum.

Based on the record discussed and Plaintiff's failure to comply with the Court's Order regarding requests for extension, the Court denies Plaintiff's Motion for an Extension to File a Response to Defendant's Motion for Summary Judgment.

## Motion for Summary Judgment

### I. Background

The facts, as culled from pleadings, affidavits, exhibits, and reasonably inferred therefrom in a light most favorable to the Plaintiff, for the purposes of this Summary Judgment Motion, are as follows:

Defendant is a debt collection agency. (First Am. Compl. ¶ 5.) On July 6, 2004, Capital One, a credit card company, referred to Defendant collection of an alleged debt owed by Plaintiff to Captial One. (Paul Labaki Aff. ¶ 3, attached to Def. Mot. for Summ. J.) Capital One informed Defendant that the amount due from Plaintiff was $1,696.07. (Labaki Aff. ¶ 4.) Defendant did not add any additional fees or charges to the amount referred for collection by Capital One. (Labaki Aff. ¶ 6.)

Defendant sent Plaintiff a letter, dated July 6, 2004, indicating that Plaintiff's Capital One account had been referred to Defendant for collection. The letter stated in part:

> As of the date of this letter you owe $1696.07. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive

your check, in which event we will inform you before depositing the check for collection.

(Ex. A, attached to First Am. Compl.)

Defendant sent Plaintiff another letter, dated October 12, 2004, that stated in part:

We have been authorized to offer you a settlement . . . . In order to take advantage of this offer, your payment must be received in our office on or before the date listed below . . . . In the event that you are unable to make the settlement payment within the time frame indicated, call our office prior to the deadline date. It may be possible to extend the deadline under certain circumstances. As of the date of this letter you owe $1793.99. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event will inform you before depositing the check for collection . . . .

You actually owe: $1793.99
Settlement Amount: $986.69
Amount must be received by: 10/26/04

(Ex. B, attached to First Am. Compl.)

Defendant sent Plaintiff another letter, dated December 6, 2004, that stated in part:

We have been authorized to offer you a settlement . . . . In order to take advantage of this offer, your payment must be received in our office on or before the date listed below . . . . In the event that you are unable to make the settlement payment within the time frame indicated, call our office prior to the deadline date. It may be possible to extend the deadline under certain circumstances. As of the date of this letter you owe $1845.83. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event will inform you before depositing the check for collection . . . .

You actually owe: $1845.83
Settlement Amount: $1015.21
Amount must be received by: 12/23/04

(Ex. C, attached to the First Am. Compl.)

Defendant sent another letter, dated February 9, 2005, that stated in part:

We have been authorized to offer you a settlement . . . . In order to take advantage of this

> offer, your payment must be received in our office on or before the date listed below . . . . In the event that you are unable to make the settlement payment within the time frame indicated, call our office prior to the deadline date. It may be possible to extend the deadline under certain circumstances. As of the date of this letter you owe $1847.32. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event will inform you before depositing the check for collection . . . .
>
> You actually owe: $1847.32
> Settlement Amount: $1016.03
> Amount must be received by: 2/25/05

(Ex. D, attached to the First Am. Compl.)

The First Amended Complaint alleges that Defendant is a "debt collector" as defined under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The First Amended Complaint also alleges that the first letter Defendant sent Plaintiff (Ex. A.) violated the FDCPA because it did not itemize the various charges comprising the total amount of debt. Additionally, Plaintiff accuses Defendant of making false, deceptive or misleading statements to Plaintiff in violation of the FDCPA. Specifically, Plaintiff claims that the remaining three letters (Exs. B, C, D.) "falsely claim[ed] that the offers were of limited duration, when, in fact they were not." (First Am. Compl. ¶ 18).

Defendant moves for summary judgment as a matter of law, claiming that the FDCPA does not require it to itemize the various charges comprising the total amount of debt owed by the Plaintiff. Furthermore, Defendant argues that the language in the letters stating that the settlement amount must be received on a date certain did not, as a matter of law, violate the FDCPA.

## II. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

### III. Discussion

The FDCPA serves "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. According to the First Amended Complaint, the following sections of the FDCPA were violated:

> 1) Section 1692e which states, in part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."
> 2) Section 1692f which states, in part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."
> 3) Section 1692g which states, in part, that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt."

When determining whether a debt collector has engaged in a false, deceptive or misleading practice, the Eleventh Circuit has stated that it is necessary to determine whether the "least sophisticated consumer" would be deceived or misled by a particular practice of a debt collector.

Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985). To prevail on a claim brought pursuant to the FDCPA, the Plaintiff must demonstrate that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) citing Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). In moving for summary judgment, Defendant does not challenge that it is a debt collector nor does Defendant argue that Plaintiff has not been the object of collection activity arising from consumer debt. Thus, the only issue before this Court is whether Defendant's acts do not constitute violations of the FDCPA as a matter of law.

### A. Amount of Debt- Section 1692g(a)(1)

Reading the First Amended Complaint broadly and viewing all the facts in the light most favorable to the Plaintiff, the Court finds that the four letters sent by Defendant to Plaintiff do not, as a matter of law, violate section 1692g(a)(1) of the FDCPA.

In Miller v. McCalla, et al., 214 F.3d 872 (7th Cir. 2000), the Seventh Circuit put forth permissible language in dunning letters that would comply with the section 1692g(a)(1) requirement that debt collectors inform consumers as to the amount of debt. The Miller court stated:

> We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day: "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number]." A debt collector who uses this form will not violate the "amount of the debt" provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing

other information (or misinformation). Of course we do not hold that a debt collector must use this form of words to avoid violating the statute; but if he does, and (to repeat an essential qualification) does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due. No reasonable person could conclude that the statement that we have drafted does not inform the debtor of the amount due. Id. at 876 (internal citations omitted).

Here, all of Defendant's letters mirror the suggested language set forth in Miller. (Exs. A, B, C and D.) Accordingly, the Court holds that these letters, as a matter of law, comply with the debt collector's duty, under section 1692g(a)(1), to state the amount of debt due.

Nonetheless, the First Amended Complaint posits that the letter dated July 6, 2004 (Ex. A) fails to itemize the various charges that comprise the total amount of debt thereby "impairing [ ] Plaintiff's ability to knowledgeably assess the validity of the debt." (First Am. Compl. ¶ 16.) In support of that proposition, Plaintiff cites Fields v. Wilber, 383 F.3d 562 (7th Cir. 2004).

That statement from Fields, and relied upon by Plaintiff, relates to the analysis by the Fields' court of whether a consumer has stated a claim under sections 1692e and 1692f of the FDCPA when the collection letters' demand for payment did not itemize expenses that included attorney's fees for collection efforts. Id. at 565-66. The Fields court found that an unsophisticated consumer might have forgotten the amount of the debt and that the letter would mislead such a consumer to believe that the amount requested was comprised solely of the amount of the debt. Id. at 566. To avoid a mischaracterization of the debt, the Fields court stated that debt collectors should "itemize the various charges that comprise the total amount of debt." Id.

The Court rejects Plaintiff's assertion that Fields requires an itemization of the debt to avoid a violation of section 1692g of the FDCPA for several reasons. Four years prior to the

Fields case, the Miller court provided a safe harbor rule that debt collectors could follow to comply with the amount of debt owed. Fields does nothing to alter the ruling issued by the Miller court. Moreover, Fields did not find a violation of section 1692g. Notably, in making her argument, Plaintiff relies on language in Fields that addresses sections 1692e and 1692f, not section 1692g.

Thus, based on the foregoing analysis, the Court finds that the letters sent by Defendant did not violate section 1692g of the FDCPA.

### B. False or Misleading Representations - Section 1692e

The First Amended Complaint asserts that the language in letters dated October 12, 2004, December 6, 2004 and February 9, 2005 falsely represented that Defendant was offering Plaintiff a settlement offer for a limited duration of time. (Exs. B, C and D.) Specifically, Plaintiff alleges that the October 12, 2004 letter was a deceptive settlement offer. In making that allegation, Plaintiff focuses on Defendant's subsequent act of sending two more letters containing offers of settlement. According to Plaintiff, the subsequent letters demonstrate that the initial settlement offer falsely claimed that it was available for a "limited time." (First Am. Compl. ¶¶ 17-18.) After careful review of the letters and taking the facts in the light most favorable to Plaintiff, the Court finds that these letters do not, as a matter of law, violate section 1692e of the FDCPA.

An examination of each of these letters demonstrates that there is no false claim in any of these letters. The October 12, 2004 letter explained that Defendant was offering Plaintiff a settlement; namely, it stated that Plaintiff could settle the debt for $986.69, despite the fact that she owed $1793.99, if she paid the settlement amount by October 26, 2004. (Ex. B.) That letter

also informed Plaintiff that the deadline could be extended if she called Defendant's office prior to October 26, 2004. (Ex. B.) Plaintiff claims that this letter was false because the next two letters offered her a settlement for the same amount. (First Am. Compl. ¶ 18.) However, the next two letters made no such offer. Instead, the second letter, dated December 2004, offered her a settlement based on different terms and a different time frame. (Ex. C.) That letter stated that the debt could be settled for $1015.21 despite owing $1845.83, if Plaintiff paid by December 23, 2004. (Ex. C.) Likewise, the February 9, 2005 letter proposed settling the debt by February 25, 2005 for $1016.03, although the amount owed was $1847.32. Hence, each new letter was "a new offer with new proposed terms and a new expiration date" and merely followed "the common collection practice of extending a new settlement offer at the expiration of the previous one." Minick v. Tate & Kirlin Associates, No. C 05-00457 JF, 2005 WL 1566548, *2 (N.D. Cal. July 5, 2005) (finding collection letters with new expiration dates and new terms were not "inherently misleading or deceptive"); see also King v. Arrow Fin. Servs., LLC, No. CIV.A. 02-0867, 2003 WL 21780973, at *3 (E.D.Pa. July 31, 2003) (finding no deceptive or misleading language where the collection letter did not state that the agency was conveying a " 'one-time' or 'final' offer" but rather "set[ ] forth the terms of the settlement offer in a straightforward fashion," including a deadline for acceptance of the offer, which was "merely a term of the settlement offer").

    The Court will, however, examine whether these letters could mislead the "least sophisticated consumer." Jeter, 760 F.2d at 1175. According to Plaintiff, a limited time settlement offer violates the FDCPA and points to Defendant's continued negotiation as evidence that Defendant misled Plaintiff to think that its initial settlement offer was her only chance to settle. (First Am. Compl. ¶ 18.) However, there was no language in any of the settlement offers

that suggested that the settlement offer was a one-time only offer. See Minick, 2005 WL 1566548, at *2 ("less cause for concern where nothing in the offer letters themselves states or suggests that the offers are one-time, take-it-or-leave-it offers or that there will be no further opportunity for settlement after the stated expiration dates"). For example, if the first settlement offer informed Plaintiff that no further offers for settlement would be made, but Defendant then offered to settle after Plaintiff declined to the initial settlement offer, that type of letter could raise a genuine issue of material fact as to whether the least sophisticated consumer could be misled. Cf. Goswami v. American Collections Enterprise, Inc., 377 F.3d 488, 495-96 (5th Cir. 2004) (collection agency was deceptive when it offered to settle debt at 30 percent discount if debtor paid within 30 days when contract between debt collector and credit card company permitted collection agency to offer discounts up to 50% with no specific time limit). In other words, the least sophisticated consumer who read such a letter could be left with the impression that Defendant would provide no other opportunities to settle the case. Here, though, the letters simply informed Plaintiff the amount of money it was willing to accept within a particular time period and did not suggest that other settlement offers would not be forthcoming. Given the language used in these letters, the Court finds that it would be "sheer speculation and guesswork, [and] not a reasonable understanding" to assume Defendant was making a one-time offer. Headen v. M.R.S. Associates, Inc., 383 F. Supp. 2d 1097, 1101-02 (S.D. Ill. 2005). After all, the letters explicitly state that it would possible to extend each deadline under certain circumstances. See Kahen-Kashani v. National Action Financial Services, No. 03-CV-828A, 2004 WL 2126707, at * 1 (W.D.N.Y. Sept. 21, 2004) (addressing identical language of letter sent by same Defendant in the instant case and finding no violation of the FDCPA).

13

Courts have stated that "a settlement offer that states the proposed discount and the length of the offer, but does not expressly nor implicitly indicate that no other offer will be made, passes muster even though future more favorable terms are likely." Gully v. Van Ru Credit Corp., 381 F. Supp. 2d 766, 772 (N.D. Ill. 2005); see also Sarder v. Acad. Collection Servs., Inc., No. CV 02-2486 NG VVP, 2005 WL 615831, at *2-3 (E.D.N.Y. Mar. 3, 2005) (no deception where the defendant issued a second settlement offer letter after the expiration of the settlement offer in the first letter, offering to settle for a lower amount than in the first letter).[1] Indeed, numerous courts have examined letters similar to the letters sent in the instant case and found no violation of section 1692e. See, e.g., Jackson v. Midland Credit Mgmt., Inc., No. 04 C 5056, 2006 WL 2403928 (N.D. Ill. Aug. 18, 2006); DuPuy v. Weltman, Wienberg & Reis Co., No. C-06-1888 MNC, 2006 WL 2255155 (N.D. Cal. Aug. 7, 2006); Hancock v. Receivables Mgmt. Solutions, Inc., No. C 06-1365 CW, 2006 WL 1525723 (N.D. Cal. May 30, 2006); Johnson v. Amo Recoveries, 427 F. Supp. 2d 953 (N.D. Cal. 2005). Likewise, courts have also considered the Defendant's letter at issue in the instant case and found no violation of section 1692e. See Jackson v. National Action Financial Svcs., 441 F. Supp. 2d 877 (N.D. Ill. 2006); Kahen-Kashani, 2004 WL 2126707, at * 1. Significantly, the letters in the instant case offered to settle for more money as time passed, not less money. Thus, under these facts, the Court finds that even the least sophisticated consumer could not interpret these letters to be a one-time only offers. Furthermore, since these letters made settlement offers with deadlines that could be

---

[1] The Headen court noted that if the FDCPA is interpreted to "mean that a settlement offer that expires on a date certain becomes deceptive when the collector later offers to settle for less, the effects will not be good for consumers," it would result in the prohibition of settlement offers that are "anything but the debt collector's best and final offer." Headen, 383 F. Supp. 2d at 1103-04.

extended, the Court finds that there was nothing misleading or deceptive about these offers.

However, the First Amended Complaint cites two cases in support of its proposition that Defendant's letters violate section 1692e of the FDCPA. (First Am. Compl. ¶ 18.) The Court concludes that these cases are distinguishable. In <u>Pleasant v. Risk Management Alternatives, Inc.</u>, the court denied the debt collector's motion to dismiss, finding that the plaintiff stated a claim for a violation of 1692e of the FDCPA. <u>Pleasant v. Risk Management Alternatives, Inc.</u>, No. 02 C 6886, 2003 WL 164227 (N.D. Ill. Jan. 23, 2003). In making that ruling, the court took all the allegations in the complaint as true, including the allegation that the dunning letter offered the plaintiff a "one time settlement offer" that falsely stated that the offer must be accepted in thirteen days. <u>Id.</u> at * 1. The <u>Pleasant</u> court stated "[a]ccepting this as true, that portion of the letter indicating that the offer was 'one time' would be deceptive, misleading, and false." <u>Id.</u> In the instant case, the Court has the actual letters that Plaintiff purports violates the FDCPA. Furthermore, as discussed herein, these letters do not have any language that would indicate that the offer is a one-time offer.

Likewise, in <u>Jones v. Risk Management Alternatives, Inc.</u>, the Court, in considering a motion for class certification, examined a collection letter that offered a "one time settlement" letter to the plaintiff on two different occasions. <u>Jones v. Risk Management Alternatives, Inc.</u>, No. 02 C 9392, 2003 WL 21654365, * 1 (N.D. Ill. July 11, 2003). In granting the class certification, the court in <u>Jones</u> noted that an unenforced expiration date in a dunning letter may be false and misleading. <u>Id.</u> at *3. <u>Jones</u> differs from the instant one, given that the <u>Jones</u> court assumed the letter violated the FDCPA for purposes of deciding the class certification issue. In addition, the language of the letter in <u>Jones</u> stated that it was a "one time settlement offer,"

15

whereas the instant case made no such representation.

In sum, the letters (Ex. B, C, D) do not violate section 1692e of the FDCPA.

C. Unfair Practices - Section 1692f

Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The First Amended Complaint merely states that Defendant violated this provision, but Plaintiff does not point to the factual basis for this assertion. (First. Am. Compl. ¶ 19.) An examination of these letters, in the light most favorable to Plaintiff, does not demonstrate any basis for a claim brought pursuant to this section of the FDCPA.

Conclusion

Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion for an Extension of Time to File Opposition to Defendant's Motion for Summary Judgment [DE 47] is **DENIED**.

2) Defendant's Motion for Summary Judgment [DE 31] is **GRANTED**.

3) The Court will separately enter Judgment for Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of October 2006.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All counsel of record